UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE CAUSEY,

    Plaintiff,

v.

CASE NO.: 8:16cv17T26 AEP

COMCAST CABLE
COMMUNICATIONS, LLC,

    Defendant.
_____/

## CLASS COMPLAINT

Plaintiff, Sue Causey, by and through undersigned counsel, sues Comcast Cable Communications, LLC, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and the United States Bankruptcy Code.

### JURISDICTION AND VENUE

2. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. In addition, this Court has federal question jurisdiction under 38 U.S.C. § 1331 because claims are brought for violation of federal bankruptcy law.

3. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of

interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

5. Plaintiff Sue Causey ("Causey" or "Plaintiff") is a natural person who resides in Sarasota, Florida. Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2).

6. Defendant, Comcast Cable Communications, LLC ("Defendant" or "Comcast") is a Delaware limited liability corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72.

7. All conduct alleged herein by Plaintiffs was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant. The conduct alleged herein was a claim to enforce a debt when the Defendant had knowledge that the debt was not legitimate and/or did not exist.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on her own behalf and on behalf of all other similarly-situated consumers who received a discharge in bankruptcy within the United States Bankruptcy Court for the Middle District of Florida and who have been subjected to continued efforts by Defendant to collect debts that were discharged in bankruptcy within two (2) years of the date of Plaintiff's complaint, together with their successors in interest (the "Consumer Class").

*Numerosity*

11. The class is so numerous that joinder of all members is impracticable. Plaintiffs estimate the Consumer Class has approximately 10,000 members.

*Commonality*

12. There are questions of law and fact that are common to the Consumer Class and which predominate over questions affecting any individual Consumer Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7); (2) whether Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9); (3) whether Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(18); (4) whether Defendant violated the Bankruptcy Code. Also, all of the Consumer Class members filed for bankruptcy in the United States District Court for the Middle District of Florida, Tampa Division, and received the same or substantially similar communications from Defendant as described below.

### *Typicality*

13. Plaintiff's claims are typical of the claims of the Consumer Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Consumer Class.

### *Adequacy of Class Representation*

14. Plaintiff will fairly and adequately protect the interests of the Consumer Class and have retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

15. The common questions set forth in Paragraph 12 predominate over any individual issues.

### *Superiority of Class Resolution*

16. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

17. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

18. Class treatment will also permit the adjudication of relatively small claims by many Consumer Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

19. Absent a class action, the Consumer Class members will continue to have their rights violated and will continue to suffer monetary damages.

20. Defendant's actions are generally applicable to the entire Consumer Class and accordingly, the relief sought is appropriate with respect to the entire Consumer Class.

4

## FACTUAL ALLEGATIONS

21. Plaintiff Sue Causey filed a petition for Chapter 7 bankruptcy protection on March 4, 2009 (the "Bankruptcy Petition"). Case No. 8:09-bk-04017, Doc. 1.

22. Defendant Comcast was listed on Schedule F of the Bankruptcy Petition as being the creditor for a debt of $77.64.

23. Further, Defendant has received several notices from the Bankruptcy Court for the Middle District of Florida regarding Plaintiff's bankruptcy. Thus, Defendant had actual knowledge of Plaintiff's bankruptcy filing.

24. On March 7, 2009, the Bankruptcy Court served Defendant with notice of Plaintiff's bankruptcy (the "Notice of Bankruptcy"), including that Plaintiff was represented by attorney L. Murray Fitzhugh.

25. On June 11, 2009, the Bankruptcy Court entered a discharge order in Plaintiff's bankruptcy proceedings (the "Discharge Order"). The Discharge Order indicates that "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor."

26. Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

5

27. Defendant was sent notice of Plaintiff's bankruptcy discharge by the Bankruptcy Court on June 13, 2009. A copy of Plaintiff's Notice of Bankruptcy, the Creditor Matrix identifying Defendant, and the Discharge Order, are attached as Composite Exhibit A.

28. Nevertheless, after Plaintiff obtained the bankruptcy discharge, and despite having actual knowledge of Plaintiff's bankruptcy, Defendant attempted to collect the discharged debt from Plaintiff.

29. After her bankruptcy concluded, Plaintiff signed up for a new account for cable television services.

30. In a billing statement from Defendant, Defendant included a line-item on the bill for "Recovery" and charged Plaintiff $77.64, the exact amount of the balance included in Plaintiff's bankruptcy. A copy of the Billing Statement is attached as Exhibit B.

31. By including the discharged debt on Plaintiff's billing statement, Defendant has attempted to collect a discharged debt in violation of the Discharge Order. In addition, Defendant attempted to collect the discharged debt by communicating with Plaintiff directly in spite of being aware that Plaintiff was represented by an attorney and that the debt was not owed.

32. The actions of the Defendant as alleged herein constitute willful, violations of the FCCPA.

33. Defendant has failed to implement any effective policy to assure that its collection efforts and personnel comply with the FCCPA.

34. Defendant has failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings, despite having actual knowledge of the bankruptcy.

35. Defendant has failed to implement any system to properly identify bankruptcy accounts, even though it has knowledge that its current system violates the law by continuing collection activities against individuals it knows to be in bankruptcy.

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

37. As detailed below, that conduct constitutes a violation of the FCCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT COMCAST

38. This is an action against Comcast for violation of Fla. Stat. § 559.55 *et seq.*

39. Plaintiff re-alleges and incorporates paragraphs 1 through 37, as if fully set forth herein.

40. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

41. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

7

(18)   Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

42.   Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

43.   All conditions precedent to this action have occurred, have been satisfied or have been waived.

44.   Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

45.   Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### INJUNCTIVE RELIEF AND MONETARY SANCTIONS FOR DISCHARGE INJUNCTION VIOLATIONS BY DEFENDANT COMCAST

46.   This is an action against Defendant for violation of the Discharge Injunction.

47. Plaintiff re-alleges and incorporates paragraphs 1 through 37, as if fully set forth herein.

48. Plaintiffs' Discharge Order included a discharge of the Comcast debt as to Plaintiff, personally enjoining *in personam* collection of the debt.

49. Defendant was provided a copy of the Discharge Order by the Bankruptcy Court.

50. Based on its awareness of Plaintiff's bankruptcy and its receipt of the Discharge Order and Discharge Injunction, Defendant had actual knowledge of the discharge.

51. Nevertheless, Defendant attempted to collect the debt from Plaintiff, which had been discharged. Plaintiff was not personally obligated to pay the debt after entry of the discharge order.

52. Defendant's continued collection of the discharged debt, having actual knowledge of the discharge, constitutes a sanctionable violation of the Discharge Injunction.

53. 11 U.S.C. § 105(a) authorizes the use of a court's authority to utilize its equitable powers to enforce the Discharge Injunction, to grant monetary relief, and to enjoin acts in violation of the Discharge Injunction.

54. As a result of the above violations of the discharge injunction, Defendant should be sanctioned.

WHEREFORE, Plaintiff respectfully requests this Court enter an order against Defendant: (1) finding that Defendant violated the Discharge Order and imposing sanctions against Defendant to punish Defendant for its violations, deter attempts to collect debts not owed, and deter future discharge injunction violations, and (2) awarding Plaintiff any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: January 4, 2016 

Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**
P.O. Box 3396
Tampa, Florida 33601
Phone: (813) 229-1118
Fax: (813) 221-6750

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Katherine Earle Yanes

**KATHERINE EARLE YANES, ESQ.**
Florida Bar. No. 658464
e-mail: kyanes@kmf-law.com

/s/ Brian L. Shrader

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**Attorneys for Plaintiffs**

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## SUE CAUSEY

I, Sue Causey, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          _____
Sue Causey                                              Date

Dec 7, 2015