# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SUE CAUSEY,

    Plaintiff,

v.                                          CASE NO.  8:16-cv-17-T-26AEP

COMCAST CABLE
COMMUNICATIONS, LLC,

    Defendant.
_____/

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the Defendant's Motion to Compel Arbitration and Stay Action (Dkt. 9) and Plaintiff's Response (Dkt. 10), it is **ORDERED AND ADJUDGED** that the motion is **denied.**  In this case, Plaintiff's subscriber agreement with Comcast giving rise to a debt was discharged in bankruptcy in 2009.  The agreement contained an arbitration clause.  A contract giving rise to a debt that is discharged in bankruptcy, however, is no longer enforceable.  See Drew v. Ocwen Loan Servicing, LLC, No. 8:14-cv-369-T-26TGW, 2014 WL 10504423, at *1 (M.D. Fla. Apr. 1, 2014) (holding jury trial waiver no longer enforceable in note and mortgage discharged in bankruptcy); Harrier v. Verizon Wireless Personal Commc'ns. LP, No. 8:12-cv-1588-T-30AEP, 2012 WL 3655355, at *1, reconsideration denied, 903 F.Supp.2d 1281 (M.D. Fla. 2012) (holding arbitration clause no longer enforceable in cellular

telephone customer agreement discharged in bankruptcy). The new subscriber agreement, also containing an arbitration clause, signed by Plaintiff in 2015 has nothing to do with Defendant's attempt to collect a debt pursuant to a contract discharged in bankruptcy in 2009. Accordingly, the Defendant cannot enforce the arbitration clause in either the 2009 or the 2015 agreement to collect a debt discharged in 2009. Defendant shall file a response to the complaint within ten (10) days.

      **DONE AND ORDERED** at Tampa, Florida, on February 12, 2016.

      s/*Richard A. Lazzara*
      **RICHARD A. LAZZARA**
      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record